USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:____8/1/2025____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAILWARE, INC.,

                Plaintiff,

        -against-

NEW JERSEY TRANSIT CORPORATION,

                Defendant.

24-CV-05537 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

       The above-captioned action was initiated on July 22, 2024. Dkt. No. 1. On September 6, 2024, among other bases, Defendant moved to dismiss this action for lack of subject matter jurisdiction under Rule 12(b)(1) based on Defendant's claim of sovereign immunity as an arm of the State of New Jersey under the Eleventh Amendment. Dkt. No. 20.

       On July 3, 2025, the Supreme Court granted certiorari on the question "[w]hether New Jersey Transit Corporation is an arm of the State of New Jersey for interstate sovereign immunity purposes." *Galette v. NJ Transit Corp.*, No. 24-1021, 2025 WL 1829160, at *1 (U.S. July 3, 2025); *NJ Transit Corp. v. Colt*, No. 24-1113, 2025 WL 1829162, at *1 (U.S. July 3, 2025). On July 28, 2025, Defendant filed a letter, advising the Court of the Supreme Court's grant of certiorari. Dkt. No. 39. Later that same day, the Court directed any party wishing to state a position in favor of or opposing a stay of this action pending the Supreme Court's decision to file a letter no later than July 31, 2025. Dkt. No. 40. On July 31, 2025, Defendant filed a letter, requesting that this action be stayed because it believes the Supreme Court's determination of New Jersey Transit's interstate sovereign immunity "will necessarily include a determination of whether New Jersey Transit is an arm of the State of New Jersey," which is a "central question" in the pending motion to dismiss. Dkt. No. 41. Plaintiff did not file a letter regarding its position on whether a stay pending the Supreme Court's decision is warranted.

       The Court agrees with Defendant. The Supreme Court's determination of whether New Jersey Transit Corporation is an arm of the State of New Jersey for interstate sovereign immunity will potentially be dispositive of this action, because if that question is decided in favor of Defendant's position this Court will lack jurisdiction over this case in its entirety. Accordingly, all proceedings in this case shall be STAYED pending the Supreme Court's ruling.

       District courts have broad discretion in determining whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Five factors generally guide a court's discretion in deciding whether to stay an action:

(1) The private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the court; (4) the interests of persons not parties to this civil litigation; and (5) the public interest.

*SVB Fin. Grp. v. Fed. Deposit Ins. Corp.*, No. 23-CV-07218 (JPC), 2024 WL 3252597, at *3 (S.D.N.Y. July 1, 2024).

Weighing these factors, the Court finds that a stay of this case is warranted. "Courts within this Circuit have routinely stayed cases 'when a higher court is close to settling an important issue of law bearing on the action.'" *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, No. 22-CV-03256 (KPF), 2022 WL 17547438, at *2 (S.D.N.Y. Dec. 9, 2022) (quoting *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). Here, the Supreme Court's determination of New Jersey Transit's interstate sovereign immunity necessarily bears on the threshold question of this Court's subject-matter jurisdiction to hear this action. *See, e.g., New York Communities for Change v. New York State Unified Court System/Office of Court Administration*, 680 F. Supp. 3d 407, 413 (S.D.N.Y. 2023) (raising the issue of Eleventh Amendment sovereign immunity *sua sponte* because the existence of subject-matter jurisdiction is a threshold inquiry). Even if the Supreme Court's decision would not dispose of this entire case, it will at the very least provide substantial guidance to narrow the issues in dispute and potentially facilitate a resolution. "A stay is proper even where the pending decision may not settle every question of fact and law before the court, but in all likelihood it will settle many and simplify them all." *Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-CV-06749 (AMD), 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13, 2020).

No other interests outweigh the factors supporting a stay. To start, Plaintiff has not asserted any prejudice to its interests if the Court were to stay this action. And the Court does not find that any further delay on the resolution of Defendant's motion to dismiss, for a known period, would significantly prejudice Plaintiff's interests in proceeding expeditiously with this litigation—especially when a stay of this case would avoid potentially protracted or duplicative litigation or appeals, and a potential whipsawing of outcomes should this Court decide the key legal issue of Defendant's claim of Eleventh Amendment immunity only to have that decision countermanded by the Supreme Court in the foreseeable future. *Albert v. Blue Diamond Growers*, 232 F. Supp. 3d 509, 513 (S.D.N.Y. 2017) (under these circumstances, a stay would clearly "promote the interest of non-parties and the public to conserve judicial resources and promote judicial economy.").

Accordingly, this case is STAYED pending the Supreme Court's decision in *Galette* and *Colt*. Within 14 days of that decision, the parties shall submit a joint letter proposing next steps in this case. The Clerk of Court is respectfully directed to mark this case STAYED.

Dated: August 1, 2025                    SO ORDERED.
       New York, New York

                                          MARGARET M. GARNETT
                                          United States District Judge

2